UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RON THOMAS LISANO,

               Plaintiff,

    v.

MEGAN FRAZIER,

               Defendant.

CASE NO. 2:25-cv-01643-KKE-GJL

REPORT AND RECOMMENDATION

Noting Date: October 24, 2025

This matter is before the Court on referral from the District Court and on Plaintiff Ron Lisano's Motion to Proceed *In Forma Pauperis* ("IFP Motion") and proposed Complaint filed under 42 U.S.C. § 1983. Dkts. 5, 5-1. The Court has screened Plaintiff's proposed Complaint and finds that he has failed to state a claim. Therefore, the Court recommends the proposed Complaint (Dkt. 5-1) be **DISMISSED with prejudice**, as amendment would be futile, and the IFP Motion (Dkt. 5) be **DENIED without prejudice** as moot.

//

//

REPORT AND RECOMMENDATION - 1

## I.   BACKGROUND

Plaintiff, who is incarcerated at Washington State Penitentiary ("WSP"), initiated this action on August 25, 2025. Dkt. 1. After receiving an IFP Deficiency Letter, Plaintiff refiled his IFP Motion and proposed Complaint on September 15, 2025. Dkts. 5, 5-1.

In the Complaint, Plaintiff alleges violations of his constitutional rights with respect to his criminal case in state court. Dkt. 5-1 at 4–7. He claims that his right to access the courts was violated because he alleges Defendant Megan Frazier—a court administrator—interfered with his ability to appear in court. *Id.* While the allegations in the Complaint are difficult to decipher, Plaintiff appears to accuse Frazier of failing to comply with Department of Corrections ("DOC") policy 590.500, which somehow prevented Plaintiff from persuading the state court to modify his judgment and sentence.[1] *Id.* at 5. He also could not present arguments to the state court in several other filings he made, such as a writ of habeas corpus, motion to withdraw guilty plea, a motion for a preliminary injunction, and a writ of mandamus. *Id.* According to Plaintiff, this inability to argue before the state court then unlawfully extended Plaintiff's confinement. *Id.*

## II.   DISCUSSION

Under the Prison Litigation Reform Act ("PLRA"), the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*,

---

[1] While the Court has difficulty discerning the nature and relevance of DOC policy 590.500 to Plaintiff's claims, the resolution of this confusion is unnecessary for the reasons stated *infra*.

REPORT AND RECOMMENDATION - 2

152 F.3d 1193 (9th Cir. 1998). Dismissal on these grounds constitutes a "strike" under 28 U.S.C. § 1915(g).

The Court is required to liberally construe *pro se* documents. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute; and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385–90 (1989).

After informing a *pro se* litigant of any pleading deficiencies, a court must generally grant leave to file an amended complaint if there is a possibility the pleading deficiencies may be cured through amendment. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). However, if the claims put forth in the complaint lack any arguable substance in law or fact, then the complaint must be dismissed as frivolous. 28 U.S.C. § 1915A(b); *see Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("A district court should not dismiss a *pro se* complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988)).

**A.   Defendant Frazier**

Plaintiff alleges that Defendant Frazier violated his civil rights by somehow denying him access to the courts. The Court takes judicial notice that Frazier is an administrator at the Island County Superior Court.[2] Frazier is protected from Plaintiff's claims by absolute quasi-judicial immunity.

"Judicial or quasi-judicial immunity is not available only to those who adjudicate disputes in an adversarial setting. Rather, the immunity is extended in appropriate circumstances to non-jurists who perform functions closely associated with the judicial process." *In re Castillo*, 297 F.3d 940, 948 (9th Cir. 2002). The Ninth Circuit held in *Mullis v. United States Bankruptcy Court for the District of Nevada* that "[c]ourt clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." 828 F.2d 1385, 1390 (9th Cir. 1987). Such tasks include, for example,

---

[2] The Court may take judicial notice of court filings and other matters of public record referenced in or relevant to the Complaint. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (citing *Burbank–Glendale–Pasadena Airport Auth. v. City of Burbank,* 136 F.3d 1360, 1364 (9th Cir. 1998)).

REPORT AND RECOMMENDATION - 4

maintaining case files, handling bonds, scheduling and convening hearings, and docketing matters in the court filing system. *See In re Castillo*, 297 F.3d at 951–53 (collecting authorities). And even clerk action that is "a mistake or an act in excess of jurisdiction does not abrogate judicial immunity, even if it results in 'grave procedural errors.'" *Mullis*, 828 F.2d at 1390 (quoting *Stump v. Sparkman*, 435 U.S. 349, 359 (1978)). Only when a clerk acts in a manner clearly absent of jurisdiction does he or she forfeit absolute quasi-judicial immunity. *Id.*

Here, Plaintiff argues that, but-for Frazier's alleged mistake of not following DOC policy 590.500, he could have argued to modify his judgment and sentence, lessening his period of incarceration. Plaintiff's allegations fail to adequately explain, *inter alia*, (1) the DOC policy 590.500 itself, (2) the policy's relationship and its potential application to Frazier, and (3) the causal nexus between the policy, Frazier and the alleged injury. Based upon the proposed Complaint, this Court simply cannot fathom how Frazier's action or inaction could conceivably rise to the level of constituting acts "clearly absent of jurisdiction" such that she would forfeit her absolute quasi-judicial immunity.

Therefore, Frazier should be dismissed from this action with prejudice, as amendment would be futile. Moreover, the Court does not recommend that Plaintiff be granted leave to amend his Complaint because, even if Plaintiff could allege that Frazier's actions rose to an extraordinary level of malfeasance, his claims still fail under *Heck v. Humphrey*. And because Frazier is the sole Defendant in this action, the Court recommends that the entire Complaint be dismissed with prejudice, as amendment would be futile.

B.  ***Heck*-Barred Claims**

Not only does Plaintiff fail to state a claim against Frazier, but his denial-of-access-to-the-courts claims are foreclosed by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S.

REPORT AND RECOMMENDATION - 5

477 (1994). *See, e.g., Edwards v. Balisok*, 520 U.S. 641, 646 (1997) (applying *Heck* and finding that habeas was the sole method for an inmate's constitutional challenge to the deprivation of his good-time credits); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005) (holding that a state prisoner's § 1983 action is barred if the success of that action would necessarily imply the invalidity of confinement or its duration).

In *Heck*, and its progeny, the Supreme Court held that, where a judgment in a prisoner's favor on a § 1983 action would necessarily imply the invalidity of the individual's confinement, the claim is not cognizable until the confined individual demonstrates that the sentence or conviction has been invalidated. *Heck*, 512 U.S. at 483, 486.

In this case, Plaintiff argues that he suffered a longer period of incarceration because Frazier failed to follow a DOC policy that would have allowed him to ask the state court to modify his judgment and sentence. If the Court were to find in Plaintiff's favor, it would imply the invalidity of his confinement for the additional period of time Plaintiff spent incarcerated because he would have already been released had Frazier not allegedly failed to follow the DOC policy. And Plaintiff has not shown his underlying conviction was improper through direct appeal or collateral attack. *See generally* Dkt. 5-1.

Therefore, Plaintiff's claims are barred by *Heck* and its succeeding line of cases. If Plaintiff seeks to challenge the fact or duration of his confinement, he must file a Petition for Writ of Habeas Corpus.

### III.    CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff has failed to state a claim against Defendant Frazier and that amendment would be futile. Because Frazier is the sole Defendant in this action, the Court recommends the Complaint (Dkt. 5-1) be **DISMISSED with prejudice**, as

amendment would be futile. The Court also recommends Plaintiff's IFP Application (Dkt. 5) be **DENIED without prejudice** as moot. Further, the Court recommends Plaintiff's proposed Motion for the Appointment of Counsel (Dkt. 8) be **DENIED as moot**. Finally, the Court recommends the dismissal of this action count as a **STRIKE** against Plaintiff for purposes of 28 U.S.C. § 1915(g).

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **October 24, 2025**, as noted in the caption.

Dated this 9th day of October, 2025.

Grady J. Leupold
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7